UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK COURSE                                          CIVIL ACTION

VERSUS                                               NO. 20-1917

WALGREEN LOUISIANA                                   SECTION M (2)
COMPANY, INC.


**ORDER & REASONS**

Before the Court is a motion to remand filed by plaintiff Mark Course.[1]   Defendant

Accord Healthcare ("Accord") opposes the motion.[2]  Having considered the parties' memoranda,

the record, and the applicable law, the Court grants the motion to remand, finding that

jurisdiction is lacking under the voluntary-involuntary rule.

## I.     BACKGROUND

This case involves a personal injury resulting from an allegedly wrongly-dispensed

medication.[3]  When Course picked up his prescription for Hydrochlorothiazide tablets from a

Walgreens pharmacy, the bottle was allegedly filled with Spironolactone instead.[4]   Course

alleged he suffered injuries, including muscle weakness and muscle paralysis, as a result.[5]

Accord is alleged to be the distributor who provided the tablets to the pharmacy.[6]

The case was originally filed on May 16, 2019, in the 24th Judicial District Court for the

Parish of Jefferson against Walgreen Louisiana Co., Inc. ("Walgreen") and the pharmacist on

duty, Dr. Kajal J. Jani, who are both citizens of Louisiana (together, the "non-diverse

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 1-1 at 1, 3.
[4] *Id.* at 1-2.
[5] *Id.* at 3.
[6] *Id.* at 2-3.

defendants").[7]  On August 28, 2019, Course amended his petition to add Accord, a citizen of North Carolina, as a defendant.[8]

In response to the original state-court petition, Walgreen filed a dilatory exception of prematurity urging that, because both Walgreen and Jani are qualified health care providers enrolled with the Louisiana Patients' Compensation Fund, under the Louisiana Medical Malpractice Act, La. R.S. 40:1231.8, Course must first present his claims against Walgreen and Jani to a medical review panel before filing a lawsuit.[9]  After Course filed his amended petition, both of the non-diverse defendants reasserted the prematurity exception on the same grounds.[10]

On June 18, 2020, the state court entered a consent judgment dismissing, without prejudice, Course's claims against the non-diverse defendants in order to allow those claims to proceed before the medical review panel.[11]  The consent judgment indicated that Course would "continue to pursue his claims against" the non-diverse defendants in the statutorily-required medical review proceedings, "with the opportunity to re-file or seek leave to amend to bring these claims against these two defendants after the administrative proceedings as permitted by law."[12]

On July 6, 2020, Accord removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a).[13]  Accord asserted that the amount in controversy exceeds $75,000 and there is complete diversity between the remaining parties as Course is a Louisiana citizen and Accord a North Carolina citizen.[14]  Course now seeks to have the case remanded to state

---

[7] R. Doc. 1 at 1.
[8] R. Doc. 1-1 at 1, 6.
[9] R. Doc. 1-4 at 1, 7.
[10] R. Doc. 8-1.
[11] R. Doc. 8-4.
[12] *Id.* at 1.
[13] R. Doc. 1 at 1.
[14] *Id.* at 3.

court, contending that removal was untimely.[15]

## II.   PENDING MOTION

Course argues that the case should be remanded on the procedural ground that the notice of removal was not filed within one year of the commencement of the lawsuit, relying on 28 U.S.C. § 1446(c).[16]   Course explains that the notice of removal was filed 14 months after the original lawsuit was filed.[17]   Since this period exceeds a year, he contends that the case should be remanded as a matter of course.[18]   Further, he argues that the "bad faith exception" to the one-year limit does not apply, and Accord is barred from asserting it anyway because it did not raise the exception in the notice of removal.[19]   Course also seeks attorney's fees and costs.[20]   Course, however, does not dispute the substantive bases for diversity jurisdiction.

In opposition, Accord argues that remand is not warranted because the one-year limit of § 1446(c) began to run on August 28, 2019, when Accord was first joined to the lawsuit as a new defendant under a theory of liability new to the case, not on May 16, 2019, when the case was first filed.[21]   Accord maintains that, as a consequence, its July 6, 2020 removal of the case was timely.   In addition, Accord argues that Course acted in bad faith by waiting to remove the non-diverse defendants until the one-year deadline had passed.[22]

---

[15] R. Doc. 7.
[16] R. Doc. 7-1 at 1.
[17] R. Doc. 7 at 1.
[18] R. Doc. 7-1 at 1, 3.
[19] *Id.* at 3-4.
[20] *Id.* at 4-5.
[21] R. Doc. 8 at 5-7.
[22] *Id.* at 7-9.

### III.    LAW & ANALYSIS

#### A.  Legal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.  *St. Paul Reins Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed ….").  Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand to state court.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper."  *Id.*

#### B.  Analysis

The parties have framed the issue raised by the motion to remand as one of timeliness. Course asserts the one-year limit of § 1446(c) as a procedural bar to removal.  In response, Accord does not dispute that the case was not removable at any time before the non-diverse defendants were dismissed by the state court on the exception of prematurity.  Instead, Accord insists that its removal was timely because the one-year remand clock did not begin to run until it was added as a party defendant by the amended petition.  The Court need not resolve Course's procedural objection to the timeliness of the removal, however, because the Court lacks subject-

4

matter jurisdiction under the voluntary-involuntary rule.[23]

The voluntary-involuntary rule is a judge-made rule of long lineage.  *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967) (tracing development of the rule in Supreme Court cases: *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92 (1898); *Whitcomb v. Smithson*, 175 U.S. 635 (1900); *Am. Car & Foundry Co. v. Kettelhake*, 236 U.S. 311 (1915); *Great N. Ry. Co. v. Alexander*, 246 U.S. 276 (1918)).   The rule applies when the basis for diversity jurisdiction did not originally exist, but a subsequent act created diversity.  Jurisdiction depends on whether that subsequent act was voluntary or involuntary on the part of the plaintiff.

> [I]f a resident defendant is dismissed from the case by the voluntary act of the plaintiff, leaving only diverse parties, then the case may be removed. But if a resident defendant is dismissed as a result of either the defendant's or the court's acting against the wishes of the plaintiff, the case cannot be removed.

*Englande v. GlaxoSmithKline*, 206 F. Supp. 2d 815, 817 (E.D. La. 2002).   In other words, voluntary acts by the plaintiff can lead to a basis for removal, but involuntary acts cannot.  *Jackson v. FCCI Ins. Co.*, 2018 WL 6720503, at *4 (M.D. La. Nov. 5, 2018) ("'[U]nder the judicially-created "voluntary-involuntary" rule a defendant may remove an action that was originally not removable if a voluntary act by the plaintiff changes the status of jurisdiction.'") (quoting *Glover v. DG La., LLC*, 2015 WL 1124545, at *2 (M.D. La. Mar. 11, 2015)), *adopted*, 2019 WL 157734 (M.D. La. Jan. 10, 2019).

For an act to be considered voluntary, the plaintiff must clearly show his intention to abandon or discontinue his claims against the non-diverse defendants.  *Mumfrey v. Anco*

---

[23] Although Course did not raise the "voluntary-involuntary rule" in his motion to remand as an objection to removal, district courts have the authority to consider all potential procedural defects when a plaintiff files a timely motion for remand pursuant to 28 U.S.C. § 1447(c).  *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283-84 (5th Cir. 2004) ("By its own terms, § 1447(c) is limited to *motions*, not *issues*.") (emphasis in original); *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012).  By filing his procedurally-based motion to remand, Course explicitly refused to acquiesce in the federal forum and preserved this Court's review for all procedural defects.  *Schexnayder*, 394 F.3d at 285.

*Insulations, Inc.*, 2011 WL 4745626, at *3 (E.D. La. Oct. 7, 2011).  A motion for summary judgment dismissing non-diverse defendants is a classic example of an involuntary action on the part of the plaintiff that could not provide the basis for removal.  *Jackson*, 2018 WL 6720503, at *5; *see also Mumfrey*, 2011 WL 4745626, at *3-4 (granting a motion to remand, reasoning that the plaintiff's failure to oppose a motion for summary judgment dismissing the non-diverse defendants did not constitute a voluntary act as would provide the basis for diversity jurisdiction).

The state court's dismissal of the non-diverse defendants without prejudice, which was precipitated by the defendants' exception of prematurity, was an involuntary act on Course's part which cannot support the basis for removal.  Dismissal of non-diverse defendants without prejudice to permit completion of the statutorily-required medical review process for qualified health care providers "is not a 'voluntary' act which renders an action removable on the basis of diversity jurisdiction."  *Ohler v. Purdue Pharma, L.P.*, 2003 WL 943643, at *3 (E.D. La. Mar. 7, 2003) (collecting cases).  The analysis does not change when the parties are dismissed by a consent judgment.  *Id.; see also Englande*, 206 F. Supp. 2d at 816 (granting the motion to remand when the qualified health care providers were dismissed without prejudice by consent judgment pending medical review proceedings); *McLin v. Surgitex, Inc.*, 1992 WL 67801, at *2 (E.D. La. Mar. 25, 1992) ("Clearly the plaintiffs' voluntary dismissal without prejudice was not the final action against the Louisiana doctor and was in no way indicative of an intention to abandon or discontinue their action against the non-diverse party.").

In *Ohler v. Purdue Pharma, L.P.*, an exception of prematurity was filed in state court to dismiss the non-diverse defendant health care providers so the claims against them could first proceed before the medical review board in compliance with the Louisiana Medical Malpractice Act.  *See* 2003 WL 943643, at *1.  These defendants were dismissed without prejudice by way of

a consent judgment, leaving only diverse defendants who then removed the case to federal court. *Id.* at *2.  The court granted the plaintiff's motion to remand, holding that the dismissal was an involuntary act that could not support diversity jurisdiction.  *Id.* at *3.

In the case at bar, Course also agreed to a consent judgment dismissing the non-diverse, qualified-health-care-provider defendants in response to their exception of prematurity based on the Louisiana Medical Malpractice Act.   Under the applicable law, dismissal was certain to follow on this ground regardless of Course's consent.   Thus, Course's involuntary act in agreeing to the dismissal sought by the exception cannot be the basis for removal.  He did not "definitely and clearly indicate[] his intention to abandon or discontinue" his claims against the non-diverse defendants. *Mumfrey*, 2011 WL 4745626, at *4 (quoting *Enlgande*, 206 F. Supp. 2d at 817).   In fact, Course was careful to have the consent judgment express his intention to continue pursuing his claims against Walgreen and Jani, even reserving the right to add them back to his suit once the medical review proceedings are completed.

In this light, the rationale for the voluntary-involuntary rule has force in this case: the rule is said to provide judicial efficiency as it "avoids … duplication and expense."  *Weems*, 380 F.2d at 546.   A plaintiff's voluntary act is final while an involuntary act can be challenged and, ultimately, overturned. *Mumfrey*, 2011 WL 4745626, at *2.  Following the proceedings before the medical review board, Course may well reintroduce the non-diverse defendants to this lawsuit, thereby destroying diversity.   Any resources expended on the case in this Court would be wasted with its loss of subject-matter jurisdiction at that time.   Judicial efficiency, then, weighs in favor of remand.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Course's motion to remand (R. Doc. 7) is GRANTED.[24]

New Orleans, Louisiana, this 31st day of August, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[24] Although the motion to remand is granted, attorney's fees and costs are not warranted as Accord's basis for removal (*viz.*, the apparent diversity of the remaining parties following entry of the consent judgment) was colorable.